UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUN 29 2000
NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

LEGI-SLATE, INC ,

Plaintiff,

v.

THOMSON INFORMATION SERVICES, INC d/b/a THOMSON TECHNOLOGY SERVICES GROUP and THOMSON CONSULTING,

Defendants.

Civil Action No. 99-1570
LFO/DAR

## MEMORANDUM AND ORDER

Counsel appeared before the undersigned on June 1, 2000 for a discovery status conference and hearing on the pending motions which concern the conduct of discovery: Defendants' Motion to Preclude the Expert Report of Jonathan L. Walker ("Defs.' Mot. to Preclude Walker")(Docket No. 74); Defendants' Motion to Preclude the Expert Report of Matt Cohen ("Defs.' Mot. to Preclude Cohen")(Docket No. 82); Defendants' Motion to Extend Deadline to File Expert Disclosures (Docket No. 80); Defendants' Emergency Motion to Expedite Consideration of Motion for Administrative Extension of Deadline to File Expert Disclosures and to Shorten Time for Plaintiff to Respond to Motion for Administrative Extension (Docket No 83); Defendants' Motion for Administrative Extension of Deadline to File Expert Disclosures (Docket No 84); and Plaintiff's Motion for Sanctions (Docket No. 87).

96

I. CONTENTIONS OF THE PARTIES

As defendants served their expert designations and reports upon plaintiff on May 15, 2000, they concede that the motions in which they seek an extension of time to file expert disclosures are now moot Defendants' Reply Memorandum Regarding Motion to Extend Deadline for Expert Disclosures at 2. Accordingly, the motions pertaining to the extension of the deadline for expert disclosures will be denied as moot.

By their remaining motions, defendants seek to "preclude" the expert reports "as well as all testimony and opinions" of Jonathan L. Walker ("Walker"), an economic loss expert, and Matt Cohen ("Cohen"), a technical feasibility expert Defs.' Mot. to Preclude Walker at 1, Defs.' Mot. to Preclude Cohen at 1 With respect to Walker, defendants maintain that the analysis contained in his report ("Walker Report") is not relevant and his methodology is not reliable, and that the report is therefore "inadmissible as a matter of law under the rule of Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 [] (1993) and its progeny." Defendants' Memorandum in Support of its Motion to Preclude the Expert Report of Jonathan L. Walker ("Defs.' Mem. in Supp. of Mot. to Preclude Walker") at 2, 8-23, 23-31. With respect to Cohen, defendants contend that his report ("Cohen Report") is "patently inadequate under" Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure and thus, he cannot testify as an expert. Defendants' Memorandum in Support of its Motion to Preclude the Expert Report of Matt Cohen ("Defs.' Mem. in Supp of Mot. to Preclude Cohen") at 2-11. Defendants argue that because the Cohen Report is an incomplete disclosure, the report, as well as Cohen's testimony, are inadmissible under Rules 37(a)(3) and 37(c)(1) of the Federal Rules of Civil Procedure. Defs.' Mem. in Supp. of Mot. to Preclude Cohen at 11-12

In its opposition to defendants' motion to preclude Walker, plaintiff asserts that it is "inappropriate, months before the close of discovery, to render an evidentiary ruling predicated on the purported lack of proper foundation for an expert report. This is a decision that can and should be deferred until trial." Plaintiff Legi-Slate's Opposition to Defendants' Motion to Preclude the Expert Report and Testimony of Dr Jonathan L Walker (Pl 's Opp'n to Mot to Preclude Walker") at 15-16. Furthermore, plaintiff asserts that (1) Dr Walker's report correctly applies the law of damages in the District of Columbia; (2) Dr. Walker employed the textbook method for estimating business value, and (3) proffered expert testimony will be accepted as long as the opinion is grounded in the factual record of the case.

In its opposition to defendants' motion to preclude Cohen, plaintiff asserts that defendants' motion should be denied because (1) plaintiff has disclosed Cohen's rate of compensation, (2) the Cohen Report adequately sets forth the witness's opinions and the reasons therefor, and (3) the Cohen Report adequately discloses the information considered by the witness in forming his opinions. Plaintiff Legi-Slate, Inc.'s Opposition to Defendants' Motion to Preclude the Expert Report and Testimony of Matt Cohen ("Pl.'s Opp'n to Mot. to Preclude Cohen") (Docket No 88). In addition, at the hearing before the undersigned, plaintiff asserted that Cohen is a "hybrid" witness, and that the documents upon which Cohen relied during his audit are irrelevant, because no report is required regarding the issues about which Cohen would testify as a fact witness rather than an expert witness

In their reply to the motion to preclude Walker, defendants argue that (1) plaintiff mischaracterizes their motions as dilatory; (2) the Walker Report is unreliable, unscientific and inadmissible under Daubert and its progeny; and (3) the Walker Report is not relevant. Defendants'

Reply Memorandum in Further Support of Their Motion to Preclude the Expert Report and Testimony of Jonathan L. Walker ("Defs.' Reply in Support of Mot. to Preclude Walker").

In their reply to the motion to preclude Cohen, defendants argue that (1) the Cohen Report fails to disclose the data or other information Cohen used to form his opinions; (2) the Cohen Report fails to set forth Cohen's opinions and the reasons for those opinions pursuant to Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure; and (3) the Cohen Report should be stricken.

II. DISCUSSION

**A. The Walker Report**

The undersigned finds that defendants' motion to strike the Walker Report is premature. Although defendants style their motion as a motion to preclude the Walker Report, they in fact seek to strike Walker as an expert altogether, because they seek to preclude not only the Walker Report, but also "all testimony and opinions" of Walker. Defs.' Mot. to Preclude Walker at 1.

This Circuit has held:

> The Court in Daubert directed federal courts first to determine whether the proffered expert's evidence is "scientific knowledge," which it said required consideration of the following: (1) whether the theory or technique can be (or has been) tested; (2) whether the theory or technique has been subject to peer review and publication; (3) the known or potential rate of error of the methodology; and (4) the general acceptance of the methodology. 509 U.S. at 593-95, 113 S. Ct at 2796-98. In addition, the court must conclude that the expert testimony will "assist the trier of fact to understand or determine a fact in issue." Id. at 592, 113 S. Ct. at 2796.

Raynor v Merrell Pharmaceuticals Inc., 104 F 3d 1371, 1375 (D.C Cir. 1997).

Furthermore, "the Daubert analysis does not establish a heightened threshold for the admission of expert evidence, but rather focuses on the court's 'gatekeeper' role as a check on 'subjective belief'

and 'unsupported speculation.'" Ambrosini v. Labarraque, 101 F.3d 129, 134 (D C. Cir. 1996) (citing Daubert, 509 U.S. at 590). Finally, this Circuit has specifically cautioned that "this gatekeeping function does not permit a trial judge to pass on the merits of the scientific conclusions . The court's only function is to ensure that the expert employed scientifically valid methodologies " Lakie v Smithkline Beecham, 965 F Supp 49, 54 (D C. Cir 1997). In Kuhmo Tire Co , Ltd , v Carmichael, 526 U.S 137, 152 (1999), the Supreme Court extended the Daubert principles to all expert testimony, including non-scientific expert testimony

The foremost factor which militates against striking Walker as an expert at this stage in the instant litigation is defendants' failure to depose Walker prior to moving to strike him as an expert. While defendants copious briefs are replete with arguments regarding the insufficiency, baselessness and unreliability of the Walker Report, defendants' assertions are predicated upon their interpretation of Walker's opinions. Rather than focusing on Walker's methodology, which is the required focus of a Daubert analysis, the arguments posited by defendants focus on the invalidity of Walker's conclusion. Defendants' arguments are thus efforts to refute Walker's opinions, rather than his methodology

Like the defendant in Lakie, the instant defendants "[confuse], [and] at times [ignore], the crucial distinction between the admissibility of expert . . testimony and the weight such testimony should be afforded by the trier of fact " Lakie, 965 F. Supp. at 55 (holding that the testimony of four expert witnesses that plaintiff's injuries were caused by her exposure to benzene was admissible under Daubert and its progeny). For instance, much of defendants' argument is based on their assertions that Walker's opinion must be rejected as speculative because "Walker's opinion is fundamentally grounded on the speculative assumption that Legi-Slate would have been a successful internet based

content delivery company by March 31, 1999 but for Thomson's alleged failures." Mem. in Supp. of Mot. to Preclude Walker at 17. To the contrary, the undersigned finds that Walker's opinions are not "grounded" on this "assumption"; rather, his opinions concern the effect which Thomson's alleged failures had upon plaintiff's profits and the valuation of its assets. See Walker Report at ¶¶ 7-9, Mem in Supp of Walker Mot. Ex. A. Moreover, defendants' assertions in this regard are misplaced, since a damages expert, of necessity, must assume that a breach occurred.

Furthermore, defendants have not discredited Walker's "Bases for Opinions" as articulated in section three of his report, nor have they shown Walker's report to be based on unsupported speculation Defendants do not, nor can they, provide citations to deposition testimony of Walker to refute the bases of his opinions. Defendants similarly fail to provide an affidavit of a competing expert. Without this information, the undersigned does not have the requisite information to perform the Court's gatekeeper function as contemplated by Daubert. Defendants ask this Court to prematurely, and impermissibly pass on the merits of Walker's conclusions. "In essence, defendant asks the Court to engage in the very inquiry Daubert and its progeny forbid. Defendant can challenge the weight and sufficiency of this evidence at trial, but the substance of the experts' opinions, or the relative superiority of defendants['] own evidence, is for the jury, not the Court." Lakie, 965 F Supp. at 58.

Finally, when the Court specifically inquired during oral argument, defendants were unable to cite authorities supporting their assertion that the request to strike Walker is not premature As plaintiff points out, both Daubert and Kuhmo Tire were decided at the summary judgment phase, after the close of discovery, and both focused on the issue of causation, rather than damages The

undersigned finds the common practice of conducting Daubert inquiries after the close of discovery to be the appropriate course

In sum, defendants' motion to strike Walker as an expert is premature, and defendants' arguments regarding Walker's methodology are misplaced.

**B. The Cohen Report**

Defendants move to preclude the report, testimony and opinions of Cohen on the ground that his report fails to conform to the requirements of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, which provides:

> Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

FED R CIV P 26(a)(2)(B).

The undersigned finds that the Cohen Report satisfies the requirements of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. Specifically, in the first paragraph of his report, Cohen delineates four items which his "conclusions are based on," including his 12 years of experience in the Internet and Web development industry Cohen Report at 1 (unnumbered), Mem. in Supp. of

Walker Mot Ex. A Additionally, Cohen states his "reasons for forming [his] opinion " Cohen Report at 2 (unnumbered), Mem. in Supp. of Walker Mot. Ex. A.

Defendants attempt to undermine the Cohen Report by alleging that Cohen's statement that he "expects to be compensated for my work as an expert witness for Legi-Slate at my usual rate," Cohen Report at 1 (unnumbered), Mem. in Supp. of Walker Mot. Ex A, does not satisfy the requirement of Rule 26(a)(2)(B) that an expert report must list a statement of "the compensation to be paid for the study and testimony " Defendants have not sought to depose Cohen, nor asked plaintiff what Cohen's rate is; furthermore, the plaintiff voluntarily discloses his rate in its response Pl.'s Resp to Cohen Mot. at 6.

Next, defendants seek to preclude the Cohen Report because it is "sketchy," "vague" and "little more than two pages long." Mem. in Supp. of Walker Mot. at 3-4. Subsumed in this argument is defendants' argument that the Cohen Report "does not state what his opinion is with respect to the work that Thomson did in this case." Id. at 4. This puzzling assertion may support an argument to strike such testimony if it were proffered at trial; however, an expert's failure to render an opinion on a particular subject, or the brevity of an expert report, are not deficiencies requiring that an expert report be stricken when the opinions offered comply with the requirements of Rule 26(a)(2)(B) A defendant cannot dictate the topics about which an opposing party's expert may testify. Additionally, a motion in limine, rather than a motion to strike an expert report, is the more appropriate mechanism by which to seek preclusion of testimony for which an expert report was not provided.

Finally, defendants argue that the Cohen Report fails to disclose the data or other information considered by Cohen as required by Rule 26(a)(2)(B). In response, at oral argument, counsel for plaintiff argued that Cohen was in fact a "hybrid" fact/expert witness to whom Rule 26(a)(2)(A),

rather than Rule 26(a)(2)(B), applies Plaintiff argues that Cohen is a fact witness as to what he observed when he audited Thomson's work for three days in January, 1999, and thus no report is required for his personal observations during that audit, nor must the papers he reviewed be identified. See Sullivan v Glock, 175 F R D 497, 500 (D Md 1997). Plaintiff likens Cohen to a treating physician who offers fact testimony based on his treatment of a plaintiff, as well as expert testimony based on factors not learned in the course of treatment of the patient and for which he is compensated.

The undersigned need not determine whether Cohen is a hybrid or expert witness for purposes of the determination of the instant motion Rule 26(a)(2)(B) simply requires that expert reports "contain a complete statement of all . . the data or other information considered by the witness in forming the opinions " The undersigned finds that in the first paragraph of his report, Cohen provides a complete statement of the data and other information considered in forming his opinions. Cohen specifically refers to Legi-Slate's Request for Proposal and Thomson's proposal to Legi-Slate in March, 1998 Cohen Report at 1 (unnumbered), Mem in Supp. of Walker Mot Ex. A. While Cohen's statement that his conclusions are also based on his "review of various documents that Thomson prepared in order to guide its work on the project, and internal Thomson documents that have been supplied to me by Legi-Slate's counsel" may necessitate more specific identification of these documents by Cohen, this should be accomplished through a request to supplement the report, a discovery request, or by simply deposing Cohen.

In sum, the Cohen Report fully complies with the requirements of Rule 26(a)(2)(B), and defendants' request to strike the Cohen Report pursuant to Rule 37(c) of the Federal Rules of Civil Procedure will therefore be denied

**C. Motion for Sanctions**

By its Motion for Sanctions (Docket No. 87) plaintiff seeks to exclude defendants' untimely disclosed experts pursuant to Rules 37(b)(2)[1] and 16(f)[2] of the Federal Rules of Civil Procedure. This motion is now moot because the expert reports were timely produced by defendants.

Nonetheless, counsel for plaintiff maintained that plaintiff contends that a monetary sanction is still warranted given the dilatory nature of the defendants' motions for extension and the fees the plaintiff incurred in responding to the various motions for extension of time which are now moot. However, the undersigned finds that there is no indicia of bad faith by defendants in seeking any

---

[1] Rule 37(b)(2) provides in pertinent part:

> If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just

FED. R. CIV P. 37(b)(2).

[2] Rule 16(f) provides in pertinent part.

> If a party or party's attorney fails to obey a scheduling [] order, . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D) In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

FED. R. CIV. P. 16(f).

extension of time to file their expert reports. The undersigned further finds that the motions for extension of time were substantially justified in light of the pending motions to preclude and the impending discovery deadlines, and that the defendants' concession that the motions are moot makes the award of expenses unjust. See Fed R. Civ. P. 37(a)(4)(B) (stating that sanctions are inappropriate if "the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.") Accordingly, monetary sanctions are not appropriate.

III CONCLUSION

Accordingly, it is this 29th day of June, 2000,

**ORDERED** that Defendants' Motion to Preclude the Expert Report of Jonathan L. Walker (Docket No 74) is **DENIED WITHOUT PREJUDICE**; and it is

**FURTHER ORDERED** that Defendants' Motion to Preclude the Expert Report of Matt Cohen (Docket No. 82) is **DENIED**, and it is

**FURTHER ORDERED** that Defendants' Motion to Extend Deadline to File Expert Disclosures (Docket No. 80), Defendants' Emergency Motion to Expedite Consideration of Motion for Administrative Extension of Deadline to File Expert Disclosures and to Shorten Time for Plaintiff to Respond to Motion for Administrative Extension (Docket No. 83) and Defendants' Motion for Administrative Extension of Deadline to File Expert Disclosures (Docket No. 84) are **DENIED AS MOOT**; and it is

**FURTHER ORDERED** that Plaintiff's Motion for Sanctions (Docket No 87) is **DENIED**.

DEBORAH A. ROBINSON
United States Magistrate Judge