UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LEGI-SLATE, INC., Plaintiff, v. THOMSON INFORMATION SERVICES, INC., d/b/a/ THOMSON TECHNOLOGY SERVICES GROUP and THOMSON CONSULTING, Defendant. | ) | Civil Action No. 99-1570-LFO |

FILED
APR 3 0 2001
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ORDER

This matter will be tried on plaintiff's promissory estoppel claim, i.e., that defendant made promises relied upon by plaintiff to its detriment, primarily forbearance from terminating defendant's services in time to engage another contractor before it was too late, and defendant's counterclaims. An April 9, 2001 Order granted defendant's motion to preclude plaintiff's claim for consequential damages. An April 12, 2001 Order found and declared that the cumulative monetary liability of either party shall not exceed the fees to be paid by plaintiff, or a multiple thereof. The April 12 Order left for trial the question of the appropriate multiple of the fees (plus pre-judgement interest, if any) in the event either party prevailed on its contract claim.

Those rulings assumed that there was an oral contract between the parties. An April 25, 2001 Order declared that there was no oral contract. A question remains as to the viability of the April 9 and April 12 rulings on the measure of damages for plaintiff's promissory estoppel claim.

The exchange of identical draft contract provisions with respect to damages referred to in the April 9 and April 12 Orders is undisputed evidence that would preclude any reasonable jury from finding that there was any promise by defendant or reliance by plaintiff on the prospect that

(N) 173

the defendant would, under any circumstances, pay consequential damages or more than a multiple of the fees to be paid by plaintiff (plus pre-judgment interest) should a jury find that the defendant failed to deliver on any relevant promise relied on by plaintiff to its detriment. (See Order of April 9, 2001 at 1). Accordingly, the April 9 and April 12 rulings granting defendant's damages motion are confirmed and made applicable to plaintiff's promissory estoppel claim.

Also pending are plaintiff's motion to preclude the report, opinions, and testimony of defendant's damages expert, Dr. Dov Frishberg, (Dkt. 106), and defendant's motion to preclude the report and testimony of plaintiff's damages expert, Dr. Jonathan L. Walker. (Dkt. 108). Each motion addresses the opinion of its opponent's expert about consequential damages. However, the foregoing application of the April 9 and 12 Orders to plaintiff's promissory estoppel claim renders the proffered expert testimony irrelevant. Accordingly, it is this 30th day of April 2001 hereby

DECLARED: that the April 9 and 12 orders precluding the introduction of evidence of consequential damages and limiting cumulative liability to the "fees to be paid" by plaintiff to defendant, or a multiple thereof (plus prejudgment interest, if any), are CONFIRMED, and shall apply to plaintiff's promissory estoppel claim, and it is further

ORDERED: that plaintiff's motion to preclude the expert report and testimony of Dr. Dov Frishberg (Dkt. 106) is GRANTED, and it is further

ORDERED: that defendants motion for reconsideration of Magistrate Judge Robinson's ruling with respect to its motion to preclude the expert report and testimony of Dr.

Jonathan L. Walker, and renewed motion to preclude the testimony of Dr. Walker (Dkt. 108) are GRANTED.

UNITED STATES DISTRICT JUDGE