UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LEGI-SLATE, INC., Plaintiff, v. THOMSON INFORMATION SERVICES, INC., d/b/a/ THOMSON TECHNOLOGY SERVICES GROUP and THOMSON CONSULTING, Defendant. | ) | CV 99-1570-LFO |

FILED
MAY 0 7 2001
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ORDER ON MOTION FOR RECONSIDERATION

Thomson moves for reconsideration of the April 25, 2001 Order in which (i) Thomson's motion for summary judgment on plaintiff's promissory estoppel claims was denied, and (ii) Thomson's counterclaim for breach of contract was dismissed in its entirety.

Thomson first claims that Legi-Slate's promissory estoppel claim should be dismissed because no reasonable jury could conclude that Legi-Slate reasonably relied on Thomson's alleged promise to complete a "complex, risk-laden" software project unless the promise was made binding by a contract. Thomson set forth its qualifications to complete the project, its plan for the project, and specific dates for delivery of the product in its lengthy detailed proposal to Legi-Slate. Shortly after submission of the proposal, Thomson began working toward completion of the product allegedly promised in its proposal (or some other product, as allegedly modified by subsequent promises). Thomson continued working on the project for some time. This evidence, inter alia, could convince a reasonable jury that Thomson made a promise and that Legi-Slate reasonably relied on that promise to its detriment. Therefore, Thomson's motion for

reconsideration of the April 25, 2001 ruling on promissory estoppel is denied.

Thomson also moves for reconsideration of the dismissal of its counterclaim for breach of contract. The April 25, 2001 Order ruled that no oral contract existed between the parties. The Order did not mention the written Interim Agreement for time and materials, which the parties entered on April 22, 1998. Thomson claims that Legi-Slate breached that Agreement. In its motion for summary judgment, Legi-Slate argued, without specifically mentioning the Interim Agreement, that Thomson's counterclaims for breach of contract should be dismissed because Thomson failed to perform under any contract or agreement. Because the issue of Thomson's performance is disputed, and because the existence of the April 22, 1998 Interim Agreement has not yet been challenged by plaintiff, Thomson's motion for reconsideration on its breach of contract claim will be granted.

Accordingly, it is this 7th day of May 2001 hereby

ORDERED: that Thomson's Motion for Reconsideration is DENIED as to Legi-Slate's claims based on promissory estoppel, and it is further

ORDERED: that Thomson's Motion for Reconsideration is GRANTED as to Thomson's counterclaim based on the alleged breach of the April 22, 1998 Interim Agreement, and it is further

ORDERED: that the April 25, 2001 Order dismissing defendant's counterclaim for breach of contract is modified so as to dismiss defendant's counterclaim for breach of contract except to the extent that the counterclaim is based on the April 22, 1998 Interim Agreement.

Defendant may proceed to trial solely on that aspect of its counterclaim for breach of contract, together with its other counterclaims.

Louis F. Oberdorfer
UNITED STATES DISTRICT JUDGE